**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

|  |  |
|---|---|
| JENNA MACIAS, an individual, ) | 3:10-CV-142-ECR-RAM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Order** |
| ) | |
| JOHN KING and JOHANNA KING, ) | |
| husband and wife; JOHN KING ) | |
| individually and dba CAL-NEVADA ) | |
| TOWING, a Nevada Partnership; ) | |
| DOES I-X; ABC CORPORATIONS I-X; ) | |
| BLACK AND WHITE PARTNERSHIPS I-X, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case arises out of a dispute between Plaintiff Jenna Macias ("Macias") and John King ("King"), "individually and doing business as Cal-Nevada Towing, a Nevada partnership" ("CNT"). Plaintiff also sues John King's wife Johanna King. Plaintiff originally brought suit in the Second Judicial District Court for Washoe County, Nevada, on December 23, 2009. Defendants removed the case to federal court on March 12, 2010, invoking this Court's diversity jurisdiction. Now pending before the Court is Plaintiff's motion to remand the case to state court ("Motion to Remand") (#7).

For the reasons set forth below, Plaintiff's Motion to Remand (#7) will be denied.

## I. Factual Background

The facts as alleged in the complaint are as follows: Macias met King in 1999 when they both worked for Milne Towing. Macias and King were both experienced tow company operators. They discussed towing services in the area and identified niche markets they could serve if they formed a company. In 1999, Macias and King left their former positions to start a business together. They went to Lodi, and King indicated he was going to purchase a business called Lodi Heavy Haul and Macias was going to purchase a house for them to live in while they built a business. Macias purchased a home, but King decided not to purchase the company. Macias and King then returned to Reno where they each obtained employment with different companies.

Blaine Devere ("Devere") was, at that time, working on starting a towing company in Reno. King told Macias he would be willing to start a company if Macias convinced Devere to join them as a third partner. Devere agreed in February 2000 and a "partnership" was formed wherein the three agreed to discuss with each other the purchase of equipment and hiring of employees before any management decisions were made. Macias, King and Devere together reserved the fictitious name of their business. Macias also purchased a truck and repaired and renovated other trucks believing she was building equity in her partnership stake of CNT. Subsequently, Macias signed a five year employment contract, for a term beginning on May 1, 2000 and ending on May 1, 2005, under which King became Macias' employer. The purpose of this arrangement was so that Macias could be paid as

2

an employee with a salary rather than receive partnership distributions.

On May 1, 2000, King told Macias and Devere he deemed their partnership interest less than equal and told them they would be full partners in five years. Macias did not challenge King because the statement was made over dinner and never formalized. Over the next years King made it clear that he considered CNT to be his own business, not a partnership. King indicated at one point that Macias and Devere were on the payroll and were thus his employees, not his partners. King purchased equipment and provided funds for a towing company in Sacramento with the CNT's funds without consulting Macias and Devere. King bought and sold real estate with CNT funds without consulting Macias and Devere.

Because of King's behavior, Devere parted ways with King and Macias in 2005. King offered Devere $150,000 for his interest in the CNT and an agreement not to compete for five years within a several hundred mile radius. Devere refuse the offer. On July 6, 2009, King terminated Macias' employment. King has allegedly also offered Macias $150,000 for his interest in the CNT and an agreement not to compete for five years within a several hundred mile radius. Macias rejected the offer.

## II. Analysis

A. Legal Standard

A defendant may remove an action from state court to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Original

3

jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, which applies to suits totaling more than $75,000 in controversy between citizens of different states, 28 U.S.C. § 1332(a).  Federal jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity of citizenship between the parties opposed in interest." Kimtz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004).

"In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). An unincorporated association such as a partnership or limited liability company has the citizenship of all of its members. Id. Thus, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (citation omitted).

A motion to remand is the proper procedure for challenging removal. Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007).  The removal statute must be strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).  Any doubt about the right of removal is resolved in favor of remand. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party seeking removal bears the burden of establishing by a preponderance of the

4

evidence that all removal requirements are met.  <u>Etheridge v. Harbor House Rests.</u>, 861 F.2d 1389, 1393 (9th Cir. 1988).

### B. Plaintiff's Motion to Remand

The basis for Plaintiff's motion to remand is as follows: CNT is a defendant in this action.  CNT is a partnership and two of its partners — Plaintiff and Devere — are Nevada citizens.  Thus, because a partnership is a citizen of all states of which its members are citizens the parties are not diverse and removal was improper.  Defendants contend that Plaintiff has not sued any alleged partnership.  Indeed, Plaintiff named as a defendant in this action "John King individually and dba Cal-Nevada Towing, a Nevada Partnership."  Merely mentioning in the caption, that CNT is a "Nevada Partnership" does not mean that Plaintiff has sued a partnership.  Moreover, Defendants point out that Plaintiff concedes in her complaint that "John King is the sole proprietor of Cal-Nevada Towing . . . ."  (Compl. ¶ 2 (#1-1).)  Attaching the label "a Nevada Partnership" to the case caption does not alter this circumstance.  Defendants alternatively contend that Plaintiff's allegations do not demonstrate the existence of a partnership.

"Although a partnership is not a separate legal entity in the sense that a corporation is a legal entity, it is deemed a legal entity for the purposes of pleading and defending litigation." <u>Richard Matthews, Jr., Inc. v. Vaughn</u>, 540 P.2d 1062, 1066 (Nev. 1975).  A claim "against a conventional partnership may be asserted by filing suit against the partnership in its common name and serving one or more of the partners as authorized by NRS 12.110, or by an action naming all of the partners."  <u>Id.</u>  In this case,

5

Plaintiff does not name all the alleged partners nor does Plaintiff sue the partnership itself. Instead, she sues King doing business as CNT. Thus, the alleged partnership is not a defendant in this action and its citizenship cannot defeat diversity. Nevertheless, this deficiency is not merely technical; amending the caption of the complaint will not cure it. The allegations in the complaint do not establish the existence of a partnership.

Nevada has adopted the Uniform Partnership Act ("UPA"). Nevada Revised Statute § 87.070 [UPA § 7] is entitled "Rules for determining existence of partnership." According to this section, "receipt by a person of a share of profits of a business is prima facie evidence that he is a partner in the business. . . ." NEV. REV. STAT. § 87.070(4). In addition, "most jurisdictions find that mere participation in profits does not create a partnership unless the partners also share losses." Shaw v. Delta Airlines, Inc., 798 F. Supp. 1453, 1456 (D. Nev. 1992). Also, "most authorities require that each partner have some degree and right of control over the business." Id. (citing NEV. REV. STAT § 87.180(5)). Indeed, the issue of control is "the more important criterion in determining the existence of a partnership." Id.

In this case, Plaintiff does not allege that she participated in profits or shared losses with King. More importantly, Plaintiff concedes that she had essentially no control over the business. Specifically, Plaintiff refers to CNT's employees as "[King's] employees," (Compl. ¶ 20 (#1-1)), and alleges that King purchased and sold real estate and equipment without so much as consulting with Plaintiff, (Id. ¶¶ 16-17). Tellingly, Plaintiff was ultimately

6

terminated by King.  Indeed, it appears that King operated CNT as a sole proprietorship for the entirety of the life of the business – approximately ten years.  Moreover, though Plaintiff refers several times to her partnership interest Plaintiff explicitly admits that King "is the sole proprietor of Cal-Nevada Towing."  (Id. ¶ 2.)

It does appear that Plaintiff had some degree of involvement in creating CNT and invested her time and effort in the company in a way that is not entirely consistent with an employer-employee relationship.  Moreover, a plausible, though strained, interpretation of the allegation that the parties intended to form what they thought of as a partnership.  Nevertheless, the "key factor is not the subjective intent of the parties to form a partnership, but instead the intent of the parties to do the things that the law will consider a partnership."  Shaw, 798 F. Supp. at 1455.  There is no indication that the parties intended to do things the law considers a partnership.  Whatever the nature of Plaintiff's relationship with King and with CNT, CNT cannot be aptly described as a partnership.  Therefore, even if CNT were named as a defendant in this action, the allegations do not demonstrate that CNT is a partnership and naming CNT as a defendant in this matter would not defeat diversity.  We additionally note that it is unclear why Plaintiff seeks to name the putative partnership as a defendant when that partnership apparently held no assets in its own name and all assets were controlled by King.  Nevertheless, for the reasons stated above, Plaintiff's motion to remand will be denied.

7

### IV. Conclusion

Plaintiff does not properly name CNT as a defendant in this action. In addition, the allegations do not demonstrate that CNT was a partnership. Thus, CNT's citizenship cannot defeat diversity.

**IT IS THEREFORE HEREBY ORDERED THAT** Plaintiff's Motion to Remand (#7) is **DENIED**.

DATED: December 6, 2010.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE

8