**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | | |
|---|---|---|
| JENNA MACIAS, an individual, | ) | 3:10-CV-142-ECR-RAM |
| Plaintiff, | ) | |
| vs. | ) | **Order** |
| JOHN KING and JOHANNA KING, husband and wife; JOHN KING individually and dba CAL-NEVADA TOWING, a Nevada Partnership; DOES I-X; ABC CORPORATIONS I-X; BLACK AND WHITE PARTNERSHIPS I-X, | ) | |
| Defendants. | ) | |

On December 23, 2009, Plaintiff Jenna Macias ("Macias") filed a complaint (#1-1) setting forth thirteen causes of action against Defendants: (i) breach of partnership fiduciary duty of loyalty; (ii) breach of partnership fiduciary duty of care; (iii) breach of partnership duty of good faith and fair dealing; (iv) unjust enrichment; (v) breach of contract; (vi) breach of implied covenant of good faith and fair dealing – contractual breach; (vii) breach of implied covenant of good faith and fair dealing – tortious breach; (viii) civil conspiracy; (ix) negligence; (x) fraudulent misrepresentation; (xi) declaratory judgment for partnership interest; (xii) disclosure/dissemination of protected health information; and (xiii) conversion.  The majority of the allegations

and causes of action in Plaintiff's complaint are premised upon the existence of an alleged partnership named Cal-Nevada Towing ("CNT") between Macias, Defendant John King ("King") and Blaine Devere, a non-party to this action.  Now pending is Defendant King's motion (#13) to dismiss.  The motion is ripe, and we now rule on it.

For the reasons set forth below, Defendant King's motion (#13) to dismiss will be granted.

## I.  Factual Background

The facts as alleged in the complaint are as follows: Macias met King in 1999 when they both worked for Milne Towing.  Macias and King were both experienced tow company operators.  They discussed towing services in the area and identified niche markets they could serve if they formed a company.  In 1999, Macias and King left their former positions to start a business together.  They went to Lodi, and King indicated he was going to purchase a business called Lodi Heavy Haul and Macias was going to purchase a house for them to live in while they built a business.  Macias purchased a home, but King decided not to purchase the company.  Macias and King then returned to Reno where they each obtained employment with different companies.

Blaine Devere ("Devere") was, at that time, working on starting a towing company in Reno.  King told Macias he would be willing to start a company if Macias convinced Devere to join them as a third partner.  Devere agreed in February 2000 and a "partnership" was formed wherein the three agreed to discuss with each other the purchase of equipment and hiring of employees before any management

decisions were made.  Macias, King and Devere together reserved the fictitious name of their business.  Macias also purchased a truck and repaired and renovated other trucks believing she was building equity in her partnership stake of CNT.  Subsequently, Macias signed a five year employment contract, for a term beginning on May 1, 2000 and ending on May 1, 2005, under which King became Macias' employer. The purpose of this arrangement was so that Macias could be paid as an employee with a salary rather than receive partnership distributions.

On May 1, 2000, King told Macias and Devere he deemed their partnership interest less than equal and told them they would be full partners in five years.  Macias did not challenge King because the statement was made over dinner and never formalized.  Over the next years King made it clear that he considered CNT to be his own business, not a partnership.  King indicated at one point that Macias and Devere were on the payroll and were thus his employees, not his partners.  King purchased equipment and provided funds for a towing company in Sacramento with the CNT's funds without consulting Macias and Devere.  King bought and sold real estate with CNT funds without consulting Macias and Devere.

Because of King's behavior, Devere parted ways with King and Macias in 2005.  King offered Devere $150,000 for his interest in the CNT and an agreement not to compete for five years within a several hundred mile radius.  Devere refused the offer.  On July 6, 2009, King terminated Macias' employment.  King has allegedly also offered Macias $150,000 for her interest in the CNT and an agreement not to compete for five years within a several hundred mile radius.

3

1  Macias rejected the offer.

## II. Procedural Background

Plaintiff filed her complaint (#1-1) in the Second Judicial District Court of the State of Nevada in and for the County of Washoe on December 23, 2009. Defendants filed a petition for removal (#1) to remove the case to this Court on March 12, 2010. On April 7, 2010, Plaintiff filed a motion (#7) to remand to state court. Defendants filed a response (#10) to Plaintiff's motion (#7) on April 26, 2010. On December 6, 2010, we issued an order (#11) denying Plaintiff's motion (#7) to remand and finding that CNT was not a partnership for purposes of Nev. Rev. Stat. § 87.2336(3).

On April 15, 2010, Defendant King filed a motion (#13) to dismiss Plaintiff's complaint (#1-1). On April 15, Plaintiff filed a response (#14) to Defendant King's motion (#13) to dismiss. This motion is ripe, and we now rule on it.

## III. Discussion

A. Plaintiff's First Cause of Action for Breach of Partnership Duty of Loyalty Fails Because CNT was Not a Partnership.

In her first claim for relief, Plaintiff alleges that Defendant King breached a fiduciary duty of loyalty owed to Plaintiff and to CNT pursuant to Nev. Rev. Stat. § 87.4336(2) by failing to "account to the partnership and hold as trustee for it any property, profit or benefit derived by him in the conduct of the partnership business or derived from a use by Defendant King of partnership property." (Compl. ¶ 26 (#1-1)). Nev. Rev. Stat. § 87.4336(2) defines a

4

partner's duty of loyalty to the partnership and his other partners. In our order (#11) filed December 6, 2010, we found that CNT is not a partnership for purposes of Nev. Rev. Stat. § 87.070.  As such, Defendant King could not owe a fiduciary duty to Plaintiff under Nev. Rev. Stat. § 87.070.

Therefore, on the basis of the foregoing, Plaintiff's first cause of action will be dismissed.

B. Plaintiff's Second Cause of Action for Breach of Partnership Duty of Care Fails Because CNT was Not a Partnership.

In her second cause of action, Plaintiff alleges that Defendant King breached a fiduciary duty of care owed to Plaintiff and CNT under Nev. Rev. Stat § 87.2336(3) by failing to refrain from engaging in grossly negligent or reckless conduct, intentional misconduct or a knowing violation of law. (Compl. ¶ 29-32 (#1-1).) Nev. Rev. Stat § 87.2336(3) defines a partner's duty of care to the partnership and his other partners.

In our order (#11) filed December 6, 2010, we found that CNT is not a partnership for purposes of Nev. Rev. Stat. § 87.2336(3).  As such, Defendant King could not owe a fiduciary duty to Plaintiff under Nev. Rev. Stat. § 87.4336(3).

Therefore, on the basis of the foregoing, Plaintiff's second cause of action will be dismissed.

C. Plaintiff's Third Cause of Action for Breach of Partnership Duty of Good Faith and Fair Dealing Fails Because CNT was Not a Partnership.

In her third cause of action, Plaintiff alleges that Defendant King breached his obligation of good faith and fair dealing under

5

Nev. Rev. Stat. 87.4336(4). (Compl. ¶ 34-36 (#1-1).) Nev. Rev. Stat. 87.4336(4) provides that a partner shall discharge his duties to the partnership in accordance with a duty of good faith and fair dealing.

In our order (#11) filed December 6, 2010, we found that CNT is not a partnership for purposes of Nev. Rev. Stat. § 87.2336(3). As such, Defendant King could not owe a fiduciary duty to Plaintiff under Nev. Rev. Stat. § 87.4336(4).

Therefore, on the basis of the foregoing, Plaintiff's third cause of action will be dismissed.

D. Plaintiff's Fourth Cause of Action for Unjust Enrichment Fails Because CNT was Not a Partnership.

In her fourth cause of action, Plaintiff alleges that Defendant King has unjustly retained the benefit of profits conferred by Plaintiff by depriving her of her profits interest in CNT. (Compl. ¶ 38-40 (#1-1)).

In our order (#11) filed December 6, 2010, we found that CNT is not a partnership for purposes of Nev. Rev. Stat. § 87.2336(3) and that Plaintiff did not have a profits interest in CNT.

Therefore, on the basis of the foregoing, Plaintiff's fourth cause of action will be dismissed.

E. Plaintiff's Fifth Cause of Action for Breach of Contract Fails because it Does Not State a Claim Upon Which Relief May be Granted.

In her fifth cause of action, Plaintiff alleges that she and Defendant King "entered into a valid and existing contract," that Plaintiff performed under the contract, and that Defendant King

1  breached the contract. (Compl. ¶ 43-46 (#1-1).)
2      Here, Plaintiff's allegations are too vague to sustain a cause
3  of action for breach of contract.  Plaintiff does not specify the
4  contract she allegedly entered into with Defendant King, nor does
5  she indicate how Defendant King breached such contract.
6      Therefore, on the basis of the foregoing, Plaintiff's fifth
7  cause of action will be dismissed.
8      <u>F. Plaintiff's Sixth Cause of Action for Breach of Implied</u>
9  <u>Covenant of Good Faith and Fair Dealing – Contractual Breach Fails</u>
10 <u>Because it Does Not State a Claim Upon Which Relief May be Granted.</u>
11     In her sixth cause of action, Plaintiff alleges that she and
12 Defendant King were parties to a contract and that Defendant King
13 breached a duty of good faith to Plaintiff by performing in a manner
14 that was unfaithful to the purpose of the contract. (Compl. ¶ 49-52
15 (#1-1).)
16     Here, Plaintiff's allegations are too vague to sustain a cause
17 of action for breach of contract.  Plaintiff does not specify the
18 contract she allegedly entered into with Defendant King, nor does
19 she indicate how Defendant King breached such contract.
20     Therefore, on the basis of the foregoing, Plaintiff's sixth
21 cause of action will be dismissed.
22     <u>G. Plaintiff's Seventh Cause of Action for Breach of Implied</u>
23 <u>Covenant of Good Faith and Fair Dealing – Tortious Breach Fails</u>
24 <u>Because it Does Not State a Claim Upon Which Relief May be Granted.</u>
25     In her seventh cause of action, Plaintiff alleges that she and
26 Defendant King were parties to a contract and that Defendant King
27 breached a duty of good faith to Plaintiff by performing in a manner
28

that was unfaithful to the purpose of the contract. (Compl. ¶ 56-59 (#1-1).)

Here, Plaintiff's allegations are too vague to sustain a cause of action for breach of contract. Plaintiff does not specify the contract she allegedly entered into with Defendant King, nor does she indicate how Defendant King breached such contract.

Therefore, on the basis of the foregoing, Plaintiff's seventh cause of action will be dismissed.

<u>H. Plaintiff's Eighth Cause of Action for Civil Conspiracy Fails Because it Does Not State a Claim Upon Which Relief May be Granted.</u>

In her eighth cause of action, Plaintiff alleges that Defendants John and Johanna King, "by acting in concert, intended to accomplish an unlawful objective for the purpose of harming" Plaintiff. (Compl. ¶ 63 (#1-1).)

Here, Plaintiff's allegations are too vague to sustain a cause of action for civil conspiracy. Plaintiff does not specify the actions taken by Defendants John and Johanna King for the purpose of hurting Plaintiff, nor how those actions constituted a civil conspiracy.

Therefore, on the basis of the foregoing, Plaintiff's eighth cause of action will be dismissed.

<u>I. Plaintiff's Ninth Cause of Action for Negligence Fails Because it Does Not State a Claim Upon Which Relief May be Granted.</u>

In her ninth cause of action, Plaintiff alleges that Defendant King breached a duty of care owed to Plaintiff. (Compl. ¶ 67 (#1-1).)

1   Here, Plaintiff's allegations are too vague to sustain a cause
2 of action for negligence against Defendant King.  Plaintiff does not
3 specify why Defendant King owed a duty of care to Plaintiff nor how
4 he breached such alleged duty, but merely makes the conclusory
5 statement that Defendant King owed and breached said duty. (Id. ¶
6 67-68.)
7   Therefore, on the basis of the foregoing, Plaintiff's ninth
8 cause of action will be dismissed.
9   J. Plaintiff's Tenth Cause of Action for Fraudulent
10 Misrepresentation Fails Because it Fails to State a Claim Upon Which
11 Relief May be Granted.
12   In her tenth cause of action, Plaintiff alleges that Defendant
13 King made a false representation to her. (Id. ¶ 72.)  She contends
14 that Defendant King knew or should have known that his
15 representation was false, or that he had an insufficient basis of
16 information for making the representation. (Id. ¶ 73.)  Further,
17 Plaintiff alleges that Defendant King intended to induce Plaintiff
18 to act or to refrain from acting upon the representation, and that
19 Plaintiff justifiably relied upon the misrepresentation to her
20 detriment. (Id. ¶ 75-76.)
21   Here, Plaintiff's allegations are too vague to sustain a cause
22 of action for fraudulent misrepresentation against Defendant King.
23 Plaintiff does not specify what representation Defendant King is
24 alleged to have made, nor how he intended to induce Plaintiff to act
25 or refrain from acting upon the representation.
26   Therefore, on the basis of the foregoing, Plaintiff's tenth
27 cause of action will be dismissed.
28

K. Plaintiff's Eleventh Cause of Action for Declaratory Judgment for Partnership Interest Pursuant to Nev. Rev. Stat. § 87.4337(2)(b)(2) Fails Because CNT was Not a Partnership.

In her eleventh cause of action, Plaintiff demands purchase of her partnership interest pursuant to Nev. Rev. Stat. § 87.4346. Nev. Rev. Stat. § 87.4346 governs the purchase of a dissociated partner's interest by the partnership.

In our order (#11) filed December 6, 2010, we found that CNT is not a partnership for purposes of Nev. Rev. Stat. § 87.2336(3). As such, Plaintiff has no partnership interest the purchase of which could be mandated pursuant to Nev. Rev. Stat. § 87.4346.

Therefore, on the basis of the foregoing, Plaintiff's eleventh cause of action will be dismissed.

L. Plaintiff's Twelfth Cause of Action for Disclosure/Dissemination of Protected Health Information Fails Because it Does Not State a Claim Upon Which Relief May be Granted.

In her twelfth cause of action, Plaintiff alleges that Defendant King, acting as Plaintiffs' employer, divulged and disseminated Plaintiff's protected health information to unauthorized parties. (Compl. ¶ 82 (#1-1).)

Plaintiff has not provided, nor have we discerned, any statutory or common law authority to support a cause of action for "disclosure/dissemination of protected health information." Plaintiff contends that such a cause of action is grounded in Nev. Rev. Stat. § 629.061. However, Nev. Rev. Stat. § 629.061 does not address the disclosure of an individual's medical records by an employer, but rather, the disclosure of such information by a health

care professional or ambulance owner or operator, and the use of such information in a civil action.  Plaintiff has not provided any compelling authority to support an interpretation of the statute as governing the disclosure of medical information by an employer.  As such, Plaintiff's allegations fail to state a claim upon which relief may be granted.

Therefore, on the basis of the foregoing, Plaintiff's twelfth cause of action will be dismissed.

M. Plaintiff's Thirteenth Cause of Action for Conversion Fails because CNT was Not a Partnership.

In her thirteenth cause of action, Plaintiff alleges that Defendant King converted Plaintiff's right, use or possession of her stake of partnership property without Plaintiff's consent and without legal justification. (Compl. ¶ 86 (#1-1).)

In our order (#11) filed December 6, 2010, we found that CNT is not a partnership for purposes of Nev. Rev. Stat. § 87.2336(3).  As such, Plaintiff never owned a partnership interest that could have been subject to conversion by Defendant King.

Therefore, on the basis of the foregoing, Plaintiff's thirteenth cause of action will be dismissed.

## IV.  Conclusion

Plaintiff's complaint (#1-1) has failed to state a claim upon which relief may be granted.  In our order (#11) filed December 6, 2010, we found that CNT is not a partnership for purposes of Nev. Rev. Stat. § 87.2336(3).  Our finding that CNT was not a partnership bars the majority of Plaintiff's causes of action.  Plaintiff's

11

other allegations are too vague to sustain her remaining causes of action.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion (#13) to dismiss is hereby **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: March 28, 2011.

                              *Edward C. Reed.*
                              UNITED STATES DISTRICT JUDGE